# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 21-8172 FMO (KSx)** | Date | **January 28, 2022** |
|---|---|---|---|
| Title | **Arturo Navarro v. Gruma Corporation, et al.** | | |

Present: The Honorable    Fernando M. Olguin, United States District Judge

| Gabriela Garcia | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff:          Attorney Present for Defendants:

None Present                    None Present

**Proceedings:        (In Chambers) Order Re: Motion to Remand**

In September 2021, plaintiff Arturo Navarro ("plaintiff" or "Navarro"), on behalf of himself and all other similarly aggrieved employees, filed a state court action against defendants Gruma Corporation and Gruma Azteca, Inc. ("defendants"), seeking civil penalties pursuant to the California Private Attorneys General Act ("PAGA"), California Labor Code §§ 2698, et seq.  (See Dkt. 1, Notice of Removal ("NOR") at ¶ 1); (Dkt. 1-2, Complaint).  On October 24, 2021, defendants removed the action on diversity jurisdiction grounds pursuant to 28 U.S.C. § 1332. (Dkt. 1, NOR at ¶ 5).  On November 4, 2021, plaintiff filed a Motion to Remand and for Sanctions. (Dkt. 27, Motion).  Having reviewed the pleadings and the briefing filed with respect to plaintiff's Motion, the court finds that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78(b); Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994).  The courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record.  See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n. 3, 126 S.Ct. 1854, 1861 n. 3 (2006).  Federal courts have a duty to examine jurisdiction sua sponte before proceeding to the merits of a case, see Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583, 119 S.Ct. 1563, 1569 (1999), "even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514, 126 S.Ct. 1235, 1244 (2006).

"Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, [the removing defendant] must demonstrate that original subject-matter jurisdiction lies in the federal courts." Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 33, 123 S.Ct. 366, 370 (2002); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 21-8172 FMO (KSx)** | Date | **January 28, 2022** |
|---|---|---|---|
| Title | **Arturo Navarro v. Gruma Corporation, et al.** | | |

removal is proper.") (internal quotation marks omitted).  If there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court.[1]  See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

When federal subject matter jurisdiction is predicated on diversity of citizenship, see 28 U.S.C. § 1332(a), complete diversity must exist between the opposing parties, see Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, 117 S.Ct. 467, 472 (1996) (stating that the diversity jurisdiction statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant"), and the amount in controversy must exceed $75,000.  See 28 U.S.C. § 1332(a).[2]

**DISCUSSION**

Plaintiff contends that defendants have failed to show diversity of citizenship because the amount in controversy does not exceed the jurisdictional threshold of $75,000.[3]  (See Dkt. 27-1, Memorandum of Points and Authorities in Support of Motion to Remand [] ("Memo") at 3-10).  Defendants claim that the amount in controversy is met based on:  (1) plaintiff's 25% share of the civil penalties recovered for violations committed against him personally, (Dkt. 1, NOR at ¶¶ 19-23); (2) an enhancement award of $5,000, (id. at ¶ 24); and (3) attorney's fees.  (Id. at ¶¶ 25-35).

With respect to attorney's fees, defendants contend that $66,000 is "a reasonable sum for attorney's fees in determining the amount in controversy."  (Dkt. 1, NOR at ¶ 34); (see Dkt. 3, Declaration of Dan M. Forman in Support of [] Notice of Removal ("Forman Decl.") at ¶ 7) ("[I]t would be reasonable for the Court to use $66,000 as an estimate of the attorney's fees Plaintiff individually places in controversy because that amount is likely to be incurred to prosecute Plaintiff's claims for the recovery of individual paid wages and statutory penalties, and to establish that he is aggrieved and thus a proper representative under the PAGA.").  Defendants contend

---

[1]  An "antiremoval presumption" does not exist in cases removed pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  See Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89, 135 S.Ct. 547, 554 (2014).

[2]  In relevant part, 28 U.S.C. § 1332(a) provides that a district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between . . . citizens of different States" or "citizens of a State and citizens or subjects of a foreign state[.]" 28 U.S.C. §§ 1332(a)(1)-(2).

[3]  Defendants contend that the Motion should be denied because plaintiff failed to comply with Local Rule 7-3's meet-and-confer requirement.  (See Dkt. 30, Opposition to Motion to Remand ("Opp." at 18-21).  However, given that the instant Motion concerns the court's subject matter jurisdiction, the court will excuse plaintiff's failure to comply with Local Rule 7-3 in this instance.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 21-8172 FMO (KSx)** | Date | **January 28, 2022** |
|---|---|---|---|
| Title | **Arturo Navarro v. Gruma Corporation, et al.** | | |

that a PAGA plaintiff's attorney's fees are measured by the fees the named-plaintiff incurs to prove standing at trial, and that such fees should be disaggregated from the total attorney's fee award. (See Dkt. 30, Opp. at 15-18).  However, there is no basis to conclude that plaintiff will have to prove standing at trial and, in any event, defendants do not point to any Ninth Circuit authority in support of their proposition that attorney's fees for speculative issues may be disaggregated for purposes of determining the amount in controversy.  (See, generally, id.).

Indeed, recent Ninth Circuit case law undermines defendants' contentions.  In Canela v. Costco Wholesale Corporation, 971 F.3d 845 (9th Cir. 2020), the Ninth Circuit rejected the argument that attorney's fees could be aggregated to reach the amount in controversy in a PAGA action and instead divided the attorney's fees equally among the representative plaintiff and the proposed aggrieved employees in calculating the amount in controversy.  Id. at 850 ("[Defendant] also said that it could be liable for $1,064,800 in attorney's fees.  Because [plaintiff]'s pro-rata share of civil penalties, including attorney's fees, totaled $6,600 at the time of removal, and the claims of other member service employees may not be aggregated under Urbino [v. Orkin Services of California, Inc., 726 F.3d 1118 (9th Cir. 2013], the $75,000 jurisdictional threshold was not met.") (emphasis in original); see also Gibson v. Chrysler Corp., 261 F.3d 927, 943 (9th Cir. 2001) (holding that under California statute providing for an award of attorney's fees to a successful party, "attorneys' fees awarded [were] to be divided among all members of the class" for purposes of calculating the amount in controversy).  Here, defendants have not set forth any estimate of the total attorney's fees that could be obtained in connection with the prosecution of this PAGA action.  (See, generally, Dkt. 1, NOR); (Dkt. 30, Opp.).  Nor have they set forth the number of potential aggrieved employees such that the court would be able to determine each employee's pro rata share.[4]  (See, generally, id.).

Defendants argue that Canela is inapposite because in that case the defendant "did not provide any evidence of the fees specifically tied to the name[d] plaintiff's fees and instead attempted to demonstrate the amount in controversy with evidence of the total fees [] for the entire case."  (Dkt. 30, Opp. at 16).  But as noted above, defendants do not point to any Ninth Circuit

---

[4]  The district court cases relied upon by defendants, see Prestwood v. Marriott Ownership Resorts, Inc., 2019 WL 2522674 (C.D. Cal. 2019) and Garcia  v. Commonwealth Financial Network, 2020 WL 6886267, (S.D. Cal. 2020), do not support their contention that attorney's fees in this case have been properly disaggregated.  (See Dkt. 16, Opp. at 16-17).  Both courts noted that a representative plaintiff "put in controversy only his pro rata share of attorney's fees[,]" Prestwood, 2019 WL 2522674, at *4; Garcia, 2020 WL 6886267, at *8 ("In the context of a PAGA action, courts consider only the plaintiff's pro rata share of attorney's fees in assessing the amount in controversy."), and remanded the actions based on defendants' failure to show such an amount. Significantly, the court in Prestwood found that defendant failed to make the required showing because it failed to "even provide a specific estimate for total civil penalties in th[e] case, and since attorney's fee estimates often reference a percentage of the award calculation, this ma[de] Defendant's fee estimate more speculative."  2019 WL 2522674, at *4.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 21-8172 FMO (KSx)** | Date | **January 28, 2022** |
|---|---|---|---|
| Title | **Arturo Navarro v. Gruma Corporation, et al.** | | |

authority in support of their proposition that attorney's fees for speculative issues, such as proving standing at trial, may be disaggregated for purposes of determining the amount in controversy.[5] (See, generally, id. at 15-18).

Given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court, see Gaus, 980 F.2d at 566, the court is not persuaded, under the circumstances here, that defendants have met their burden.[6]  Thus, there is no basis for diversity jurisdiction.[7]

**This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED THAT:

---

[5]  But even if defendants had provided such authority, the amount of attorney's fees they contend would be attributable to prosecuting only plaintiff's claims is highly speculative. (See Dkt. 3, Forman Decl. at ¶ 7).  For instance, defendants claim that such fees include "50 hours" for plaintiff to establish "standing" during a jury trial, (id.), but defendants do not explain how they determined it would take 50 hours of a jury trial to establish plaintiff's standing.  (See, generally, id.).  Moreover, the hours and fees defendants provide are based on the prosecution of "individual claims for Labor Code wage and hour violation in order to establish standing under PAGA."  (Id. at ¶ 5).  However, this is a PAGA representative action.

[6] Given the above, the court need not address whether civil penalties are accurately calculated. The court notes that with respect to the inclusion of an enhancement award, defendants contend that it should be included in the amount in controversy.  (See Dkt. 1, NOR at ¶ 24); (Dkt. 30, Opp. at 14-15).  However, as with their contention regarding attorney's fees, defendants do not cite any Ninth Circuit authority, or any authority, in support of their contention that such awards may be included in the amount in controversy calculation.  (See, generally, Dkt. 30, Opp. at 14-15); (Dkt. 1, NOR at ¶ 24).  Instead, defendants cite to cases involving class action settlements in which the court approved the parties' settlement that included awards of incentive payments.  See, e.g., Bellinghausen v. Tractor Supply Co., 306 F.R.D. 245, 267 (N.D. Cal. 2015); Smith v. Am. Greetings Corp., 2016 WL 362395, *11 (N.D. Cal. 2016); Willner v. Manpower Inc., 2015 WL 3863625, *8 (N.D. Cal. 2015).

[7]  Plaintiff seeks an award of attorney's fees and costs in connection with the Motion.  (See Dkt. 27-1, Memo at 17-19).  Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  Martin v. Franklin Capital Corp., 546 U.S. 132, 141, 126 S.Ct. 704, 711 (2005).  Here, the court finds that attorney's fees under 28 U.S.C. § 1447(c) are unwarranted.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 21-8172 FMO (KSx)** | Date | **January 28, 2022** |
|---|---|---|---|
| Title | **Arturo Navarro v. Gruma Corporation, et al.** | | |

      1.  Plaintiff's Motion **(Document No. 27)** is **granted in part** and **denied in part**.  The Motion is denied as to fees and costs.

      2.  The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Los Angeles for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

      3.  The Clerk shall send a certified copy of this Order to the state court.

      4.  Any pending motion is denied as moot.

Initials of Preparer            gga